# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# CIVIL DIVISION

| | |
|---|---|
| Marcelino Cruz Leiva<br>2522 Hughes Road<br>Adelphi, MD 20783<br><br>And<br><br>Maria Reyes<br>2522 Hughes Road<br>Adelphi, MD 20783<br><br>Plaintiffs,<br><br>v.<br><br>The United States of America<br><br>    **Serve:**<br>    Jessie K. Liu<br>    United States Attorney for the<br>    District of Columbia (Acting)<br>    555 4th Street, NW<br>    Washington, D.C. 20530<br><br>    Civil Process Clerk<br>    United States Attorney's Office<br>    555 4th Street, NW<br>    Washington, D.C. 20530<br><br>    William Barr<br>    United States Attorney General<br>    United States Dept. of Justice<br>    950 Pennsylvania Avenue, NW<br>    Washington, D.C. 20530<br><br>and<br><br>The District of Columbia<br><br>    **Serve:**<br>    Muriel Bowser<br>    Mayor of the District of Columbia<br>    John A. Wilson Building | Case No.: _____ |

|  |  |
|---|---|
| 1350 Pennsylvania Ave., NW | ) |
| Washington, D.C. 2004 | ) |
|  | ) |
| and | ) |
|  | ) |
| Karl A. Racine | ) |
| Attorney General of the District | ) |
| of Columbia | ) |
| 441 4th St., NW, | ) |
| Washington, D.C. 20001 | ) |
|  | ) |
| Defendants. | ) |

## **COMPLAINT & JURY DEMAND**

COMES NOW Plaintiffs Marcelino Cruz Leiva and Maria Reyes, by and through their attorneys, John J. Yannone and Price Benowitz LLP, and files this Complaint against the above named Defendants, and for reason states as follows:

### **PARTIES**

1. At all times relevant hereto, Plaintiff Marcelino Cruz Leiva ("Cruz Leiva") was a citizen of the United States of America and an adult resident of the State of Maryland.

2. At all times relevant hereto, Plaintiff Maria Reyes ("Reyes") was a citizen of the United States of America and an adult resident of Maryland.

### **JURISDICTION AND VENUE**

3. This suit is being brought for money damages for injuries caused by the negligence or wrongful acts or omissions of Defendants the United States of America and the District of Columbia.

4. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and pursuant to 28 U.S.C. § 1322(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this is a tort claim against the United States arising under 28 U.S.C. § 1346(b), and all of the events or omissions giving rise to this claim occurred in this District.

6. At all times relevant hereto, the United States of America acting through the National Park Service was a "Federal Agency" within the meaning of 28 U.S.C. § 2671.

7. Plaintiffs have complied timely with 28 U.S.C. § 2401(b) by providing notice of their claim on April 30, 2018, via Standard Form 95 to the National Park Service regarding their injuries and damages which were tortuously caused by the Defendants.

8. Plaintiffs have complied timely with D.C. Code §12-309 by providing notice of their claim on February 23, 2018, via certified mail to the Mayor of the District of Columbia regarding their injuries and damages which were tortuously caused by the Defendants.

9. The instant suit is timely under 28 U.S.C. §§ 2401(b), 2675(a).

## FACTS COMMON TO ALL COUNTS

10. On or about August 29, 2016 at approximately 6:00 p.m., Plaintiff Cruz Leiva was travelling northbound on Beach Drive in Rock Creek Park in the District of Columbia.

11. At approximately the same time and place, a large tree fell from the west side of Beach Drive, NW, falling and striking Plaintiff Cruz Leiva's vehicle suddenly and without warning.

12. As a result of the falling tree, Plaintiff Cruz Leiva was trapped in his vehicle and sustained serious, severe, and permanent injuries.

13. At all times relevant hereto, Defendant United States of America ("USA"), by and through the National Park Service, and their agents, servants, and/or employees, exercised control

over the trees in Rock Creek Park, and Rock Creek Parkway and its surrounding environs, including specifically the trees along both sides of Beach Drive, NW in Washington, D.C.

14. At all times relevant hereto, Defendant USA, by and through the National Park Service, and their agents, servants, and/or employees owed a continuing duty of care to Plaintiff Cruz Leiva to inspect and maintain its trees and parks in a reasonably safe condition, with due regard for dangerous conditions that pose a risk of harm to persons lawfully travelling on or near Rock Creek Park, Rock Creek Parkway, and/or Beach Drive, NW.

15. At all times relevant hereto, Defendant District of Columbia ("DC"), by and through the District of Columbia Department of Transportation, and their agents, servants, and/or employees, exercised control over the trees in Rock Creek Park, and Rock Creek Parkway and its surrounding environs, including specifically the trees along both sides of Beach Drive, NW in Washington, D.C.

16. At all times relevant hereto, Defendant DC, by and through the District of Columbia Department of Transportation, and their agents, servants, and/or employees owed a continuing duty of care to Plaintiff Cruz Leiva to inspect and maintain its trees and parks in a reasonably safe condition, with due regard for dangerous conditions that pose a risk of harm to persons lawfully travelling on or near Rock Creek Park, Rock Creek Parkway, and/or Beach Drive, NW.

**COUNT I: Negligence**
**(United States of America)**

17. Plaintiffs re-allege and incorporate by reference all of the facts and allegations of paragraphs 1 through 16 above as if fully set forth herein and further allege:

18. The United States of America had a duty to inspect and maintain its parks, trees, and the surrounding environs so as to avoid the risk of harm or bodily injury. In particular Defendant United States of America had a duty, *inter alia*, to:

  a. Exercise ordinary care in its inspection and maintenance of Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW, and their trees;

  b. Keep adequate records of inspection and maintenance protocols for trees in its control in Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW; and,

  c. Secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury in a timely manner.

19. Defendant United States of America breached that duty on August 29, 2016.

20. The August 29, 2016, occurrence was caused by Defendant United States of America's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant United States of America:

  a. Failed to exercise ordinary care in its inspection and maintenance of Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW, and their trees;

  b. Failed to keep adequate records of inspection and maintenance protocols for trees in its control in Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW;

  c. Failed to secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury in a timely manner; and,

  d. Was otherwise negligent.

21. As a direct and proximate result of Defendant USA's negligence, Plaintiff suffered, among other things, severe and debilitating physical injuries, including severe injuries to his head, arms, and legs, pain, emotional injuries and a diminished capacity for the enjoyment of life.

22. As a direct and proximate result of Defendant USA's negligence, Plaintiff has incurred substantial medical and related expenses to alleviate her injuries, pain and suffering, lost employment opportunity, lost wages, loss of time and enjoyment from her customary leisure and recreational activities, and impairment of her customary leisure and recreational activities.

23. All of Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant USA and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the attack.

WHEREFORE, Plaintiff Marcelino Cruz Leiva demands judgment against Defendant United States of America in the amount of Five Million Dollars ($5,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing.

### COUNT II: Negligence
**(District of Columbia)**

24. Plaintiffs re-allege and incorporate by reference all of the facts and allegations of paragraphs 1 through 23 above as if fully set forth herein and further allege:

25. The District of Columbia had a duty to inspect and maintain its parks, trees, and the surrounding environs, as well as those that are not owned by Defendant, but that traverse, overhang, and are within sufficient proximity to affect the sidewalks and roadways of the District of Columbia, so as to avoid the risk of harm or bodily injury. In particular Defendant District of Columbia had a duty, *inter alia*, to:

a. Exercise ordinary care in its inspection and maintenance of its public roadways, including but not limited to Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW, and their trees;

b. Keep adequate records of inspection and maintenance protocols for trees in its control on and around the public roadways and sidewalks surrounding and within Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW; and,

c. Secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury to those using the public road ways, and their surrounding environs, in a timely manner.

26. Defendant District of Columbia breached that duty on August 29, 2016.

27. The August 29, 2016, occurrence was caused by Defendant District of Columbia's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant District of Columbia:

a. Failed to exercise ordinary care in its inspection and maintenance of its public roadways, including but not limited to Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW, and their trees;

b. Failed to keep adequate records of inspection and maintenance protocols for trees in its control on and around the public roadways and sidewalks surrounding and within Rock Creek Park, Rock Creek Parkway, and Beach Drive, NW; and;

c. Failed to secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury to those using the public road ways, and their surrounding environs, in a timely manner; and,

d. Was otherwise negligent.

28. As a direct and proximate result of Defendant DC's negligence, Plaintiff suffered, among other things, severe and debilitating physical injuries, including severe injuries to his head, arms, and legs, pain, emotional injuries and a diminished capacity for the enjoyment of life.

29. As a direct and proximate result of Defendant USA's negligence, Plaintiff has incurred substantial medical and related expenses to alleviate her injuries, pain and suffering, lost employment opportunity, lost wages, loss of time and enjoyment from her customary leisure and recreational activities, and impairment of her customary leisure and recreational activities.

30. All of Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant DC and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the attack.

WHEREFORE, Plaintiff Marcelino Cruz Leiva demands judgment against Defendant District of Columbia in the amount of Five Million Dollars ($5,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing.

### Count III- Loss of Consortium
**(All Defendants)**

32. Plaintiffs re-allege and incorporate by reference all of the facts and allegations of paragraphs 1 through 31 above as if fully set forth herein and further allege:

33. Plaintiffs Marcelino Cruz Leiva and Maria Reyes are, and were, husband and wife at the time of the occurrence which is the subject matter of this Complaint, and continue to be husband and wife.

34. The negligent conduct of the Defendants United states of America and District of Columbia, as fully set forth above, caused injury to the marital relationship of the Plaintiffs, including, but not limited to, loss of society, affection, assistance, companionship, and loss of intimacy and sexual relations.

WHEREFORE, Plaintiffs Marcelino Cruz Leiva and Maria Reyes demand judgment against Defendants United States of America and District of Columbia in the amount of Five Million Dollars ($5,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By: /s/*John J. Yannone, Esq.*
John J. Yannone, Esq.
Federal Bar No. 452458
409 7th Street, N.W., Suite 200
Washington, D.C. 20004
John@Pricebenowitzlaw.com
(202) 417-6000
(301) 244-6659 (f)
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury on all eligible claims raised herein.

/s/*John J. Yannone, Esq.*
John J. Yannone, Esq.