UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARCELINO CRUZ LEIVA et al.** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v.   ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 1:19-cv-1941 |

### ORDER

#### I.

Defendant United States seeks to continue the bench trial set for December 12, 2023, and re-open expert discovery, or alternatively, bifurcate the liability and damages phases of trial, with a period for expert discovery in between.  *See* Def.'s Mot. to Continue Trial Date, ECF No. 78; Def.'s Mot. for Discovery, ECF No. 80.  Plaintiffs oppose these requests.  *See* Pls.' Resp. in Opp'n to Def.'s Mots., ECF No. 81 [hereinafter Pls.' Opp'n].  The court does not require reply briefs to resolve the motions.  They are denied.

#### II.

The court's reasoning can be summed up succinctly: "41 months."  Forty-one months is how long the parties have had to complete discovery in this run-of-the-mill personal injury case. Fact discovery commenced on January 2, 2020.  Order, ECF No. 19.  It concluded on August 24, 2021.  Jt. Status Report, ECF No. 42, ¶ 6.  The next week, on August 31, 2021, Plaintiffs identified and submitted reports for one liability expert and three damages experts.  Pls.' Prelim. Rule 26(a)(2)(B) Disclosure, ECF No. 43; Jt. Status Report, ECF No. 44, ¶¶ 3–4.  A month later the court was told that the "[p]arties are in the process of scheduling expert depositions."  Jt. Status

Report, ECF No. 44, ¶ 5.  Defendant then sought an extension of time until May 9, 2022, in part to depose "an additional witness," which the court granted.  Consent Mot. to Modify and Extend Scheduling Order, ECF No. 46; Order, ECF No. 47.  On May 9, 2022, the parties jointly asked for more time, explaining that "Plaintiff is still awaiting relevant medical records and billing and more time is needed to complete necessary discovery."  Jt. Mot. to Modify & Extend Scheduling Order, ECF No. 49.  The court granted the extension until July 8, 2022, but warned that "[t]his is the parties' sixth request to extend the discovery deadline; no further extensions will be granted absent extraordinary circumstances."  Order, ECF No. 50.[1]

At the post-discovery conference held on July 15, 2022, the parties requested a mediation referral, which the court granted.  Order ECF No. 52.  The court stayed the case and left the mediation referral open for eight months, based on the parties repeated insistence "that they would benefit from additional time for mediation and settlement discussions," which would include an independent medical evaluation of Plaintiff Marcelino Cruz Leiva.  *See, e.g.*, Jt. Status Report, ECF No. 56.  The parties made no progress.  On March 1, 2023, the court lifted the stay and allowed a limited period to complete discovery until April 28, 2023.  Minute Order, March 1, 2023. The court made clear that "no further extensions will be granted."  *Id.*  Apparently, the court did not mean what it said, because on March 15, 2023, the court gave Defendant leave until June 2, 2023, to complete the independent medical examination it long claimed it needed.  Minute Order, May 15, 2023.

The court held a post-discovery conference on July 5, 2023.  Defendant asked for more time to conduct the deposition of Plaintiffs' liability expert because it "fell through the crack[s]." June 5, 2023 Hr'g Tr. at 5:22.  The court rejected the request, citing the absence of good cause for

---

[1] The court's reference to a "sixth" request included motions to extend fact discovery.

not having already taken the deposition.  *Id.* at 8:12–17.  The court set December 12, 2023, for trial.  Pretrial Scheduling Order, ECF No. 66.

**III.**

Defendant has failed to demonstrate good cause either to continue the trial or re-open discovery.  The following factors are relevant to Defendant's requests: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence."  *Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000).

All factors, except perhaps the sixth, weigh in favor of denying Defendant's requests. (1) Trial is imminent.  It is scheduled for December 12, 2023, and Defendant moved for a continuance only six weeks before.  (2) Plaintiffs oppose the request.  Pls.' Opp'n.  (3) Plaintiffs would be prejudiced by a continuance, as it would further delay resolving a case filed more than four years ago in June 2019.  (4) Defendant plainly has not been diligent.  It is remarkable that the United States was unable to complete expert discovery between August 2021, when fact discovery ended, and July 8, 2022, when the court first said it would permit no further extensions "absent extraordinary circumstances."  Order, ECF No. 50.  The court eventually did grant more time. From March 1, 2023, to April 28, 2023, the court re-opened discovery, but the United States failed to complete the expert discovery that still remained.  The court is sympathetic to the health challenges that government counsel faced, but no less than five Assistant United States Attorneys have been assigned to this matter.  Over one year is ample time in which to have completed expert discovery in this ordinary personal injury case.  (5) The additional discovery Defendant now seeks

was foreseeable.  Plaintiffs made their initial liability and damages expert disclosures on August 31, 2021.[2]  The need to depose those experts was as obvious then as it is now.  (6) Defendant likely would glean relevant evidence from questioning Plaintiffs' experts.  But one favorable factor does not overcome the five others that weigh heavily against continuing trial or re-opening discovery.

### IV.

Nor will the court bifurcate trial between a liability and damages phase.  This is the first time that either party has sought a bifurcated trial proceeding.  *See* LCvR 16.3(c)(5) (requiring the parties to state as part of their initial meet-and-confer statement whether "[w]hether the trial and/or discovery should be bifurcated or managed in phases"); Jt. Meet and Confer Stmt., ECF No. 17, at 2 (stating that the parties "do not believe that discovery should be bifurcated in any fashion at this time" and stating nothing about a bifurcated trial).  The request comes too late.

It also fails on the merits.  Bifurcation would neither be convenient, nor avoid prejudice, nor expedite or economize the proceedings.  Fed. R. Civ. P. 42.  The parties have anticipated that a bench trial can be completed in four days.  It would be highly inefficient to split up such a short trial into a liability and damages phase, especially when the court will not grant Defendant time for expert discovery in between.

### V.

For the foregoing reasons, Defendant's motions, ECF Nos. 78 & 80, are denied.

Dated: November 13, 2023

Amit P. Mehta
United States District Court Judge

---

[2] The court understands that Plaintiffs may have made later, possibly untimely, disclosures.  The court will take up that issue in the pending motions *in limine*.